LIBERTY LUMBER YARDS, INC., v. TABB

(March 10, 1930. Opinion and Decree.)

Benjamin Y. Wolf, of New Orleans, attorney for plaintiff, appellee.

Clarence E. Favret, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff entered suit against the defendant for the sum of $599.-79, alleged to represent $389.29 for building material sold and delivered to the defendant to be used in the construction of an addition to his home and $210.50 cash advanced to one William Green, contractor, for labor performed in the construction of the improvement. Before the trial of the case, the claim for material was settled. The case was then tried on the merits with reference to the cash item only. There was judgment in favor of plaintiff for $210.50 with recognition and maintenance of plaintiff's lien and privilege on the defendant's property where the improvements were located. Defendant has appealed.

In his answer, defendant denied the correctness of the statement for the material furnished and also denied authorizing the plaintiff to advance the sum of $210.50 to the contractor, Green, for the payment of labor performed in constructing the improvements.

A careful reading of the record convinces

us that defendant authorized plaintiff to advance this money to Green for the purpose of paying for the labor on the building, and that the work was performed and the benefits of the work, represented by the improvements, are in the possession of the defendant and being enjoyed by him.

Whether Green performed the work properly and utilized $210.50 for the payment of the laborers' claims is a matter between the defendant and Green and not a defense in the present case. It was not the duty of the plaintiff to see that Green paid the laborers, and, if he failed to do so, it is a matter of accounting between the defendant and Green.

The lower court in its judgment recognized plaintiff's claim for a lien and privilege on the property. The record shows that Green paid some, if not all, of the money for labor, but, assuming that all of the money was paid for labor performed on the building, nevertheless plaintiff would not have a lien and privilege on the improvements and property because the advance of the money was simply a loan by plaintiff to defendant. Plaintiff did not take any subrogation of the laborers' claims, and is therefore not entitled to any lien on the property.

In the case of Central Lumber Co., Inc., vs. Schroeder, 164 La. 759, 114 So. 644, 646, the court said:

"The judgment will have to be amended in two respects. One of these is that it includes items amounting to $465, consisting of money advanced by plaintiff to defendant, to enable her to pay labor, for which the judgment awards a privilege as furnisher of material. While plaintiff is entitled to judgment against defendant for that amount, yet it is not entitled to a privilege as furnisher of material for that sum. The statute grants that privilege to those furnishing material, machinery, or fixtures for the construction of buildings and other works, and not to those advancing money for such purposes."

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended by striking out of the decree that portion which recognizes and maintains the lien and privilege of plaintiff on the property of defendant, and, as thus amended, affirmed; appellee, to pay the costs of appeal.